NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEIMEI NI; XINZHONG LIU, | No. 17-71106 |
| Petitioners, | Agency Nos. A087-693-851 |
| v. | A088-172-944 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2022**
Pasadena, California

Before: CALLAHAN and VANDYKE, Circuit Judges, and ARTERTON,***
District Judge.

Petitioners MeiMei Ni (Ms. Ni) and Xinzhong Liu (Mr. Liu), married citizens

of China, seek review of the Board of Immigration Appeals' (BIA) decision

---

\* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Janet Bond Arterton, United States District Judge for the District
of Connecticut, sitting by designation.

affirming an Immigration Judge's (IJ) adverse credibility determination against them that resulted in the denial of their applications for asylum and withholding of removal.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[2]

The BIA repeatedly cited to the IJ's decision and found no clear error in its reasoning on the relevant issues, so we review both decisions. *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018) ("Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." (citation omitted)); *see also Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006); *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014) ("Thus, we refer to the Board and IJ collectively as 'the agency.'").

We review the agency's "factual findings, including adverse credibility determinations, for substantial evidence." *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020) (citing *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013)). We uphold an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manes*

---

[1] Petitioners consolidated their cases on January 4, 2014, after getting married on November 2, 2011, and were listed as derivative beneficiaries on their respective applications.

[2] Because Petitioners did not raise any argument before the BIA or this court with respect to the denial of their claims for relief under the Convention Against Torture, they are waived. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

*v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam). Accordingly, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

Here, the agency's adverse credibility determinations with respect to both Petitioners are supported by substantial evidence. The agency did not err in relying on Petitioners' inconsistent testimony before U.S. immigration officers and the immigration court as reflecting negatively on their credibility. Moreover, Petitioners' claims of past harm centered around alleged persecution on account of their religious practices. But Petitioners' testimony before the IJ as to their religious practices and past harm was internally inconsistent, conflicted with their prior sworn statements, and was inconsistent with other testimonial evidence presented to the IJ.

As to Ms. Ni, she gave false testimony before the IJ when she repeatedly denied ever applying for a U.S. visa (which she failed to plausibly explain). *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010) (explaining "[t]he IJ did not have to accept [the petitioner]'s unpersuasive explanations for the[] inconsistencies"); *see also Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (explaining that the agency is not compelled to accept the petitioner's explanations for testimonial discrepancies).

After Ms. Ni's sister testified that Ms. Ni had submitted multiple student visa

applications with false information, Ms. Ni eventually corrected her misrepresentations before the IJ and admitted to submitting three student visa applications that contained false information. *Singh v. Holder*, 643 F.3d 1178, 1180–81 (9th Cir. 2011) (explaining that "intentional deception toward the immigration authorities is culpable conduct and one of the several indications of dishonesty that casts doubt on the applicant's entire story" (cleaned up)); *see Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011) (explaining that "lies and fraudulent documents when they are no longer necessary for the immediate escape from persecution do support an adverse inference").

Ms. Ni also gave conflicting dates about when she departed China and entered the United States, and was unable to explain the discrepancies. Finally, Ms. Ni gave inconsistent descriptions of who allegedly injured her while she was detained in prison and the nature of those injuries. Before the IJ, Ms. Ni claimed that her cellmates beat her in prison, but no cellmate beating was mentioned in her asylum statement or asylum interview. Further, Ms. Ni's sister described visible bruising on Ms. Ni's arms after her release from prison, but no such injuries were mentioned by Ms. Ni in her asylum application or testimony before the IJ. *Shrestha*, 590 F.3d at 1047–48 (upholding an adverse credibility determination where the IJ "relied on factors explicitly permitted by the REAL ID Act including unresponsive and undetailed testimony, and inconsistent testimony for which there was no explanation

4

or corroboration").

As to Mr. Liu, he gave irreconcilable accounts of his religious background that allegedly contributed to his past harm and formed the basis of his fear—which he was unable to explain. Before the IJ, Mr. Liu claimed that he was raised as a Buddhist and arrested in China for practicing Falun Gong, and that he was introduced to Christianity only *after* he entered the United States in 2008. But in his 2010 asylum application and 2011 asylum interview, Mr. Liu claimed that he was born into a Christian family in China where he attended a family church—making no mention of Buddhism, Falun Gong, or any past arrest for such a practice. Mr. Liu was unable to explain his untruthful testimony to the asylum officer and, on appeal to the BIA, did not contest the IJ's reliance on his testimonial discrepancies. Mr. Liu's demeanor and evasive answers when asked to explain the inconsistencies in his testimony also prompted the IJ to make an adverse credibility determination. *Huang v. Holder*, 744 F.3d 1149, 1154–55 (9th Cir. 2014) (finding substantial evidence supported an adverse credibility determination where the petitioner demonstrated "a pattern of long pauses after certain questions, followed by an explanation or excuse"); *Shrestha*, 590 F.3d at 1041 ("IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access on review.").

The agency's adverse credibility determinations are supported by substantial

5

evidence and Petitioners' remaining contentions lack merit.

**PETITION DENIED**.